# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

_____

No. 08-6020

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Wesley C. Sandiford and | * | |
| Florence J. Sandiford | * | |
| Debtors. | * | |
| | * | |
| | * | |
| Cadlerock Joint Venture II, L.P., | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | Western District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Wesley C. Sandiford, and | * | |
| Florence J. Sandiford, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 3, 2008
Filed: October 6, 2008

_____

Before KRESSEL, Chief Judge, SCHERMER, and McDONALD, Bankruptcy
Judges.

McDONALD, Bankruptcy Judge.

Cadlerock Joint Venture II, L.P. ("Caddlerock Joint Venture") appeals from the bankruptcy court's[1] order denying its complaint objecting to the discharge of Wesley and Florence Sandiford ("Sandifords"). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b)(1). For the reasons set forth below, we affirm.

I.

The Sandifords owned retail stores at various malls in Louisiana. To operate their businesses, the Sandifords borrowed money from Hibernia National Bank ("Hibernia"). The Sandifords' businesses failed and the loans with Hibernia became delinquent. Hibernia obtained a state court judgment against the Sandifords in December 2001. The parties attempted to settle the judgment, but they were unsuccessful.

Shortly after the entry of the judgment, the Sandifords moved from Louisiana to Arkansas and started their own real estate agency. Theresa Broussard ("Broussard"), the daughter and step-daughter of the Sandifords, moved to Arkansas several months later. Broussard was close to the Sandifords and was aware of their financial situation and the unpaid judgment. On December 9, 2004, Hibernia transferred the judgment to Cadleway Properties, Inc. ("Cadleway Properties").

In September 2005, Florence Sandiford created the White Family Trust ("White Trust") and appointed Broussard as the trustee and herself as the beneficiary. At the same time, Broussard executed a promissory note and mortgage in favor of John White ("White"), Florence Sandiford's father-in-law.

---

[1] The Honorable Ben T. Barry, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

2

White executed a warranty deed in favor of Broussard. The Sandifords made all payments on the note that Broussard executed.

In January 2006, the Sandifords created the Waldon Family Trust ("Waldon Trust") and appointed Broussard trustee and themselves as beneficiaries. At the same time, Broussard executed two contracts for the purchase of real property from Mary Waldon. No deed or title would transfer to the Waldon Trust until the Sandifords paid the full purchase price on the real property. The Sandifords made all the payments on the contracts.

In May 2006, the Sandifords created the Vance Family Trust ("Vance Trust") and appointed Broussard trustee and themselves as beneficiaries. At the same time, Broussard executed a contract for the purchase of real property from Robert Vance and Doris Vance. Again, no deed or title would transfer to the Vance Trust until the Sandifords paid the full purchase price on the real property. They made all the payments on the contract.

The Sandifords attempted to settle the judgment with Cadleway Properties. As part of the negotiations, Cadleway Properties instructed the Sandifords to complete a financial statement that it provided to them. The Sandifords disclosed the existence of the trusts in the financial statement. The parties were unable to reach an agreement. On August 8, 2006, Cadleway Properties registered the judgment in Arkansas, but there was no attempt to collect it.

On November 27, 2006, the Sandifords filed a Chapter 7 petition with the bankruptcy court. Cadleway Properties filed an objection to discharge on April 19, 2007. Cadlerock Joint Venture, the successor-in-interest to Cadleway Properties, received transfer of the judgment and became the plaintiff in the case. In the complaint, Cadlerock Joint Venture, argued that the trusts with Broussard were fraudulent arrangements that allowed the Sandifords to retain the benefits of

3

property ownership while keeping it out of their names and away from their creditors. Specifically, it argued that the Sandifords transferred or concealed property in the one-year period preceding the filing of their petition pursuant to § 727 of the Bankruptcy Code with the intent to hinder, delay or defraud their creditors. The Sandifords argued that the trusts were part of a business model that they studied in a real estate seminar. At trial, the bankruptcy court found that the evidence was evenly balanced and denied the objection to discharge. This appeal followed.

## II.

We review a bankruptcy court's findings of fact for clear error. *F. R. Bankr. P. 8013.* Findings of fact may be clearly erroneous if we have a definite and firm conviction that the bankruptcy court committed a mistake. *Stonitsch v. Commerce Bank of Kansas City (In re Amco Products, Inc.)*, 50 B.R. 723, 724 (Bankr. W.D. Mo. 1983). We conduct a de novo review of a bankruptcy court's conclusions of law. *Wintz v. American Freightways, Inc. (In re Wintz Cos.)*, 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999).

## III.

Cadlerock Joint Venture proceeded under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A) and (a)(4)(C) in their case before the bankruptcy court. However, it abandoned all of those theories except § 727(a)(2) in this appeal. Section 727(a)(2) states:

> the court shall grant the debtors a discharge, unless . . .
> the debtor, with intent to hinder, delay, or defraud a
> creditor . . . has transferred . . . or concealed . . . property
> of the debtor, within one year before the date of the filing

of the petition; or property of the estate, after the date of the filing of the petition.

To prevail on its complaint, Cadlerock Joint Venture needed to show that (1) the Sandifords' actions took place within twelve months prior to the filing of their petition for bankruptcy relief; (2) that the Sandifords took the actions with the intent to hinder, delay or defraud their creditors; (3) that the Sandifords themselves took the actions; and (4) that the Sandifords actions consisted of transferring or concealing property. *City Nat'l Bank of Ft. Smith, Ark. v. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir. 1981). The Sandifords did not contest the first, third and fourth elements of the action. Therefore, the crux of Cadlerock Joint Venture's argument was the second element; namely did the Sandifords transfer the property with the intent to hinder, delay or defraud their creditors.

There are two central issues in this case. First, we must decide whether or not the bankruptcy court properly applied presumptions and the burden of proof. Second, we must determine whether or not the bankruptcy court clearly erred in granting the Sandifords their discharge.

A.     *The bankruptcy court properly applied the presumptions and the burden of proof.*

The plaintiff has the burden of proof in a complaint objecting to a debtor's discharge. *F. R. Bankr. P. 4005.* Moreover,

> [i]n all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of

5

> nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

*F. R. Evid. 301.* There is a presumption of fraud in § 727(a)(2) cases when a debtor transfers valuable property without payment. *The Abbott Bank - Hemingford v. Armstrong (In re Armstrong)*, 931 F.2d 1233, 1239 (8th Cir. 1991) (citing *City Nat'l Bank. V. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir. 1981) (under predecessor statute to section 727(a)(2)). "Once a gratuitous transfer is shown, the burden then shifts to the debtor to prove his intent was not to hinder, delay, or defraud his creditors. *Id.* In this case, Cadlerock Joint Venture confuses the burden of production with the burden of proof. At trial, it introduced evidence that the Sandifords made a gratuitous transfer of property to a near relative. This created a presumption of fraud under *Armstrong*. However, the Sandifords rebutted that presumption by offering evidence of a non-fraudulent reason for the transfer of the property; namely, they created the trusts to hold property until the property increased in value to create enough equity to make a profit on the sale of the property. The Sandifords learned this business model in the real estate seminars they attended. The ultimate burden of proof remained with Cadlerock Joint Venture. The bankruptcy court determined that the evidence was equally split between the parties. Thus, Cadlerock Joint Venture failed to meet its burden of proof and the bankruptcy court ruled in favor of the Sandifords. We see no reason to disturb its decision. Therefore, we hold that the bankruptcy court properly applied presumptions and the burden of proof in this case.

## B.     *The bankruptcy court did not commit clear error.*

The second issue we must determine is whether or not the bankruptcy court committed "clear error." As previously stated, we must have a definite and firm conviction that the bankruptcy court made a mistake in making a finding of clear error. *Stonitsch*, 50 B.R. at 724. A bankruptcy court's decision is not clearly

erroneous if there are one or more permissible views of the evidence in a case. *Moon v. Anderson (In re Hixon),* 387 F.3d 695, 700 (8th Cir. 2004). Here, the bankruptcy court agonized over its decision and made great efforts to convey to the parties that the evidence was very close and that the court's decision could go either way. After our review of the record, we believe that there were alternative permissible views of the evidence in this case. Therefore, we hold that the bankruptcy court did not commit clear error in reaching its decision.

## IV.

The bankruptcy court properly applied the presumptions and the burden of proof in this case. Moreover, it did not clearly err in reaching its decision. Accordingly, we affirm the judgment of the bankruptcy court.

_____